|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| ERNESTO SANTOS-DIAZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COMMONWEALTH OF PUERTO RICO, et al.,<br><br>    Defendants. | Civil No. 11-1957 (JAF) |

**OPINION AND ORDER**

Plaintiffs bring the present action seeking attorneys' fees and costs as the prevailing parties in an action brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400–1487 (1997).[1]  (Docket No. 1 at 1.)  The IDEA "obligates school districts to furnish a free appropriate public education . . . to children with disabilities." Me. Sch. Admin. Dist. No. 35 v. R., 321 F.3d 9, 11 (1st Cir. 2003).  "Under the IDEA, . . . the aggrieved child's parents . . . . may seek attorneys' fees as prevailing parties" through its fee-shifting provision. Smith v. Fitchburg Pub. Sch., 401 F.3d 16, 18 n.1 (1st Cir. 2005) (citing § 1415(i)(3)(C)).  The fees awarded "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished.  No bonus or multiplier may be used in calculating the fees awarded under this subsection."  § 1415(i)(3)(C).  The First Circuit has explained that the IDEA's fee-shifting provision should be interpreted in a manner consistent with the fee-shifting statute of the

---

[1] Plaintiffs refer to "administrative case number 2010-004-035" with the Puerto Rico Department of Education, which ended with a favorable resolution issued by Administrative Official Elizabeth Ortiz-Irizarry after an administrative hearing on February 15, 2011.  (Docket No. 1 at 4.)

Civil No. 11-1957 (JAF)                                                                                                          -2-

Civil Rights Act, 42 USC § 1988(b), and other similar fee-shifting statutes. Doe v. Boston Pub. Sch., 358 F.3d 20, 26 (1st Cir. 2004).

Because Defendants have stipulated that Plaintiffs are the prevailing parties and merit fees under § 1415(i)(3)(C), (Docket Nos. 8 at 2; 10 at 2), we begin our analysis by examining the reasonableness of the requested fees. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "Fees are presumptively reasonable where the requesting party has multiplied a reasonable hourly rate by the number of hours reasonably spent on litigation." See Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 293 (1st Cir. 2001) (citing Hensley, 461 U.S. at 433). The First Circuit has adopted the "lodestar approach," in which "the trial judge must determine 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" Id. (citing Hensley, 461 U.S. at 433). In the lodestar method, "the judge calculates the time counsel spent on the case, subtracts duplicative, unproductive, or excessive hours, and then applies prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved)." Id. (citing Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992)). The logged hours are reasonably spent on litigation unless "duplicative, unproductive, or excessive." Id. In addition, after calculation of the initial "amount of the award, attorney's fees may be reduced because of (1) the overstaffing of a case, (2) the excessiveness of the hours expended on the legal research or the discovery proceedings, (3) the redundancy of the work exercised, or (4) the time spent on needless or unessential matters." Serrano v. Ritz-Carlton San Juan Hotel Spa & Casino, 808 F. Supp. 2d 393, 398 (D.P.R. 2011) (quoting Ramos v. Davis & Geck, Inc., 968 F. Supp. 765, 775 (D.P.R. 1997)) (internal quotation marks omitted)).

Civil No. 11-1957 (JAF)                                                                              -3-

Defendants make no arguments regarding the reasonableness of attorney Francisco J. Vizcarrondo-Torres' ("Vizcarrondo") hourly rate or general billing practice and, instead, levy three specific challenges to the requested fees and costs.[2]  Specifically, Defendants argue that this court should deduct 1) two hours from the four billed for Vizcarrando's appearance at the administrative hearing; 2) two hours of legal research; and 3) the sum of costs for insufficient documentation.  As an initial matter, we find the hourly rate requested of $135 per hour—which Defendants do not oppose—to be reasonable.  Plaintiffs have satisfactorily shown Vizcarrondo's qualifications and past court approval of his rate in IDEA cases in this district.  See Rodriguez v. Puerto Rico, 764 F. Supp. 2d 338, 344 (D.P.R. 2011) ("Thus, based on Attorney Francisco J. Vizcarrondo-Torres' expertise and experience . . . the rate of $135.00 per hour is found to be appropriate.").

In response to Defendants' request to reduce the hours billed for attending the administrative hearing from four to two, Vizcarrondo counters that it took him two hours in traffic to travel to the two-hour administrative hearing in Caguas.  Costs for attorney travel "may be recovered where appropriate as part of attorneys' fees under the typical federal fee-shifting statute."  Attrezzi, LLC v. Maytag Corp., 436 F.3d 32, 43 (1st Cir. 2006) (citing InvesSys, Inc. v. McGraw-Hill Cos., 369 F.3d 16, 22-23 (1st Cir. 2004)).  "Travel is often a necessary incident of litigation, and an attorney's travel time may be reimbursed in a fee

---

[2] We note that even though the motion for attorney fees is, in many ways, unopposed, "the Court is not relieved of its duty of making sure that the amount requested by Plaintiff[s are] reasonable." Michel-Ramos v. Arroyo-Santiago, 493 F. Supp. 2d 249, 253 (D.P.R. 2007).  However, when "a fee target has failed to offer either countervailing evidence or persuasive argumentation in support of its position, we do not think it is the court's job either to do the target's homework or to take heroic measures aimed at salvaging the target from the predictable consequences of self-indulgent lassitude.  As we have written before, 'courts, like the Deity, are most frequently moved to help those who help themselves.'"  Foley v. Lowell, 948 F.2d 10, 21 (1st Cir. 1991) (quoting Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 989 (1st Cir. 1988)).

Civil No. 11-1957 (JAF) -4-

award." Hutchinson v. Patrick, 636 F.3d 1, 15 (1st Cir. 2011) (citing Maceira v. Pagan, 698 F.2d 38, 40 (1st Cir. 1983)). There "is no hard-and-fast rule establishing what percentage of an attorney's standard billing rate is appropriate for travel time." Id. However, "the common past practice is for an award to reflect an attorney's travel time at half of his hourly rate." DeSena v. LePage, No. 1:11-cv-117, 2012 U.S. Dist. LEXIS 38360, at *11–12 (D. Me. Mar. 21, 2012); see also Maceira, 698 F.2d at 39 (awarding half of attorney's requested rate for travel). Therefore, we will discount the fee by half for the two hours of travel time, reducing the award by $135.

Next, we reject Defendants' argument that legal research constitutes an "out-of-pocket expense" that is not recoverable. (Docket No. 8 at 3.) Fees for legal research (including computer research) are properly part of an attorneys' fees award. Attrezzi, 436 F.3d at 43; InvesSys, Inc., 369 F.3d at 22–23. We find nothing unreasonable about the two hours of legal research billed in preparation for his client's administrative hearing.

Finally, we reject Defendants' argument that Plaintiffs failed to provide clear documentation of the costs incurred. (Docket No. 8 at 4.) In fact, Plaintiffs do provide "descriptions and/or receipts for various individual expenditures incurred." Pan Am. Grain Mfg. Co. v. P.R. Ports Auth., 193 F.R.D. 26, 37 (D.P.R. 2000). Plaintiffs have submitted an invoice of costs, totaling $464.70, which include documentation for the payment of the $350 filing fee, the $100 process server fee, and an itemized list of the $14.70 expended on photocopies (at $.15 per copy). We further reject Defendants' argument that Plaintiffs' documentation runs afoul of the Taxation of Costs Guideline, as the District of Puerto Rico "Taxation of Costs Guideline, as amended in 2009, clearly states that charges of $.15 per copy are permissible." Rodriguez, 764 F. Supp. 2d at 347. Plaintiffs' documentation has

Civil No. 11-1957 (JAF)                                                                                              -5-

proved sufficient, and "reasonable costs and expenses for travel, printing, and photocopying can be recovered in a fee-shifting proceeding . . . ." Hutchinson, 636 F.3d at 17.

Finally, we grant Plaintiffs' request for additional attorneys' fees for the present fee application. "As a general rule, the time reasonably devoted by attorneys to successful fee applications can be reimbursed under fee-shifting statutes, such as section 1988." McDonald v. Sec'y of Health & Human Servs., 884 F.2d 1468, 1480 (1st Cir. 1989) (citations omitted); see also Prandini v. Nat'l Tea Co., 585 F.2d 47, 53–54 (3d Cir. 1978) ("Indeed, courts have consistently held that attorneys may be awarded, under statutory fee authorizations, compensation for the expenses of and time spent litigating the issue of a reasonable fee."). We have reviewed the submitted time sheets and find the hourly rate and entries to be reasonable.

Reducing the request by $135 (by halving the two hours of travel time) and adding $464.70 in costs leaves a sum of $5,257.20 for the initial fees and costs request. (Docket Nos. 1; 1-1.) Added to the additional $972.00 in fees and $4.50 in costs assessed for this fee application, (Docket No. 14 at 3), the fee award totals $6,233.70, plus interest.

Therefore, we hereby **GRANT** Plaintiffs' request for attorney fees, as well as their motion for supplemental attorneys' fees and costs. (Docket Nos. 1; 14.) Based on the foregoing, Defendants will be jointly and severally liable to Plaintiff in the amount of $6,233.70, plus any interest accrued.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 16th day of May, 2012.

                                                s/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                United States District Judge